Tilghman C. J.
The only question necessary to be decided in this case, is, whether an alderman had authority under the act of 1st March, 1799, to give judgment for damages in an action of trespass, without the intervention of referees ? In the 1st section of the act the powers of justices of the peace, aldermen, See. is extended to actions of trespass in all cases, where the damages do not exceed 20 dollars, and it is declared to be the duty of the justice or alderman, upon the request of either plaintiff or defendant, to appoint referees to assess the damages, upon whose report judgment is to be entered. It is contended, that without such report there can be no judgment, because the act does not expressly mention, that there shall be any judgment without it. But I consider the first part of this section, which extends the jurisdiction to actions of trespass, as giving by implication the power to enter jndgment, because trial and judgment are accessary to his jurisdiction. When it is said that Üit jurisdiction is extended, reference is had to his former jurisdiction *235 and the mode of trial under it. Now the mode of trial was by the justice or alderman himself, who formed his own judgment on the evidence produced to him. The power of the alderman then was complete, both as to the trial and judgment by the bare extension of his jurisdiction, and the subsequent parts of the first section was only to give either party the right of having the damages assessed by referees. But if neither plaintiff nor defendant chose it, there was no reason why referees should be appointed, because it increased the expense and took the decision of the cause from the person to whom both parties were willing to leave it. I am therefore of opinion, that the alderman acted legally in this case, in giving judgment without the appointment of referees; consequently the judgment of the Court of Common Pleas must be reversed, and a venire de novo awarded.
Yeates J.
The powers of the justices of the peace, by the act of 1st March, 1799, are expressly extended to actions for the recovery of damages for any trespass, wrong, or injury done or committed against the real or personal estate of the plaintiff, in all cases where the said damages shall not exceed the sum of twenty dollars. But on the request of either the plaintiff or defendant, he is enjoined to appoint three respectable persons to assess the damages, &c. It seems therefore clear to me, that, unless such request is made to him, the justice may exercise his own judgment and discretion in the assessment of damages, in like manner as he may do in other cases. A different construction would, in my idea, be repugnant to the plain terms of the legislature. That the justice, had jurisdiction of the trespass there can be no doubt; and in .such case, on an appeal, the merits of the case come fairly before the court and jury for decision.
I am of opinion, that the judgment of the Court of Common Pleas be reversed, and a venire facias de novo be awarded.
Brackenridge J. concurred.
Judgment reversed.